## BUYS vs. EBERHARDT.

Where arbitrators actually pass their judgment upon the subject matter submitted to them, strictly in accordance with the intention of the parties, but the award as written, fails to express that judgment, the mistake will be held of a clerical nature; and a Court of Equity has the power, and will correct the same and decree a specific performance, if the complainant makes out such a case as demands the exercise of that power in his behalf.

It was submitted to arbitrators to determine the value of certain real estate, of one of the parties, at which valuation the other party was at his option to purchase the same. The arbitrators, by omitting to take into consideration the value of a water power connected with the property, appraised it at much less than its actual value. For this mistake, the award was set aside.

Appeal from the St. Joseph Circuit, in Chancery.

The complainant was owner in fee of lands which were flowed by the defendant's mill pond. A few years before filing the bill in this cause he brought a suit at law, to recover damages for the flowage of his land, and obtained judgment for the sum of $25, and upon his undertaking to enforce the judgment by execution, the defendant filed a bill in Chancery to restrain its collection. During the pendency of the suit in Chancery, the parties referred the controversy respecting the flowage of the land, and the judgment at law, to arbitrators to settle by award, including in the bond of submission the whole substance of the controversy. By the terms of the submission, the value of the property flowed, and the damage occasioned to it by the flowage, were to be separately appraised, and the value of the defendant's mill and water power were also to be appraised, and the complainant was to have his option, to sell his own or to purchase the defendant's property at such appraisal. The arbitrators actually passed upon the matter submitted, and strictly in accordance with the terms of the submission. They did in fact, separately appraise the value of the complainant's land and the damages thereto, occasioned by the flowage of the defendant's mill pond, but in their award failed to recite such separate appraisal. Subsequently two of the arbitrators (the third one not being present) met, and endorsed a memorandum upon the award setting forth such separate appraisal. The complainant files this bill reciting all the facts of the judgment and the award, and asking for a performance of the award according to the actual judgment of the arbitrators, or if the award should be deemed invalid, for relief against the injury sustained by the wrongful acts of the defendant in the construction of his mill dam and maintenance thereof. Upon hearing the proof and arguments in the case, the bill was dismissed by the Circuit Court for the county of St. Joseph in Chancery, from which order and decree the complainant appeals to this Court.

*C. Gurney* and *N. A. Balch*, for complainant.

1. Courts of Equity will enforce an award like the present, unless there is a gross mistake, either in law or fact, apparent on its face, or gross misconduct on the part of the arbitrators, material or prejudicial to their right decision. (2 *Story Eq. Juris.*, §§ 1453-4-5-6-7-8; 3 *Mass.*; 13 *East.* 358.)

2. A mistake in an award, and that merely clerical, and in no way prejudicial to the defendant, and capable of being made good by extrinsic evidence, will be amended in equity, and enforced. (1 *Am. Chy. Dig.* 85, 92; *Todd* vs. *Barlow*, 2 *J. C. R.* 551; *Ib.* 339, 360; 1 *Story Eq.* 185; *Smith* vs. *Cutler*, 10 *Wend.* 589; *Bouck* vs. *Wilbur*, 4 *J. C. R.* 405; *Shepard* vs. *Merrill*, 2 *Ib.* 276.)

3. An award in its legal import is regarded as a contract between the parties. Parol proof is admissible to explain, in order to enable the Court to enforce a contract, but not to destroy it. (2 *Story Eq.* 907; *Phil. Ev. Ch.* 10, §§ 1, 2, 3.)

4. The judgment at law was final, and a Court of Equity will not go beyond it. The defendant is estopped by his bond of submission. (*White* vs. *Foster*, *Walker C. R.* 112; *Smith* vs. *Cutler*, 10 *Wend.* 589; *Mit. Plea.* 314-15-16; 3 *Black. Com.* 54.)

No counsel appeared for the defendant.

By the Court, JOHNSON, J.

The bill in this case was framed with a two-fold aspect, and contains an alternate prayer; first for the performance of the award set forth in the bill, and second, in case the award should be deemed invalid, then for relief against the injury sustained by the alleged wrongful acts of the defendant, in the construction and maintenance of the mill dam.

This award is imperfect, and could not be enforced at law. It is not in accordance with the terms of the submission.

The value of the property flowed, and the damage occasioned by the flowage were not, as required by the submission, separately assessed by the arbitrators, and the alteration of this award by two of the arbitrators, after publication, and in the absence of the other, was without authority.

The testimony in the case, however, shows beyond any doubt, that the matters submitted were acted upon by the arbitrators; that the assessments were actually made by them separately, and that their judgment, passed upon the subject matter of the submission, strictly in accordance with the intention of the parties; and the imperfection in the award consists in a mistake, inadvertently made, in drawing it up. It is of a clerical nature. There was no mistake or error in the exercise of the judgment of the arbitrators upon the matter submitted; but only in the communication of the result of the judgment.

It is unquestionably in the power of the Court to correct this mistake, and to decree a specific performance of the award; and they will do so, if the complainant has made out such a case as demands the exercise of that power in his behalf. (4 J. Ch. R. 405.)

We have no hesitation in saying that if the complainant is entitled to any relief at the hands of this Court, it must be by decreeing a performance of the award; and in this respect, he stands on a footing equally favorable as though the award was perfect, with this difference: that if the award was perfect, it would of itself, without any further proof, imply a legal right, upon which could be based the equitable relief; but inasmuch as it has no binding force, the complainant, before he can entitle himself to the relief he asks, must show by extrinsic evidence that justice demands it.

But in the exercise of this discretionary power, an award, though perfect, stands on the same footing with a contract; and Courts of Equity will not grant this kind of relief in either case, unless, from the complainant's own showing, it is

subservient to the ends of justice. Judge Story, in treating upon this subject, says : "But as the specific performance of awards, as well as of contracts, rests in the sound discretion of the Court, if upon the face of the award, or otherwise, it appears that there are just objections to enforcing it, Courts of Equity will not interfere." (2 *Story Eq. Pl.* § 1459.)

The defendant is at liberty in all these cases, to make any equitable defence he can, against the relief prayed for, without regard to the strict legal liabilities of the parties; and for that purpose he may give evidence dehors the award or contract, to show that such a decree would be unjust.

It was in view of this consideration of the case, that the complainant, having, as he rightfully suspected, an imperfect award, deemed it proper, himself, to set out all the proceedings upon which the award was founded, for the purpose of exhibiting to the Court the equity of his case; and it is upon a view of the whole case that we are to decide.

If, then, the complainant has shown, independently of the award, such a case as would entitle him to any relief, there can be no good reason assigned, why that relief should not be in decreeing specific performance of the award, provided that neither the conduct of the complainant, or the proceedings of the arbitrators, are liable to any just exceptions.

In the first place, then, what are the equities between the parties, independently of the award? The complainant alleges that in 1836, he became the owner of a part, and in 1837, of the remainder of the premises in question; that in the year last aforesaid, the defendant constructed his dam, which caused the flowage complained of ; and that after an unjust refusal of the defendant to abate the nuisance, he brought an action at law, to recover his damages, and recovered the sum of twenty-five dollars, and costs of suit; that while he was proceeding to enforce the collection of said judgment, the defendant filed his bill in Chancery, to restrain the complainant from collecting said judgment, and from further

prosecuting him at law, by reason or on account of said flow-. age; and the complainant further alleges, that the said defendant, by various false and unfounded statements, contained in his said bill of complaint, procured a writ of injunction to issue, restraining said complainant, in the manner aforesaid; and that the condition of things thus substantially remained until the submission to the arbitrators.

The defendant, in pursuance of the express requirement of the bill in this cause, files his answer under oath, and in answer thereto, and as responsive to said bill, he admits the ownership of the property in question, the construction of the dam, and the flowage of the complainant's premises.

But he denies that the complainant has any just grounds of complaint by reason thereof, because he says that the dam was constructed by the express license and consent of the complainant with a full and perfect knowledge of the consequences of such construction.

And it was upon this ground, we may reasonably suppose, if indeed the record does not conclusively show, that the defendant in his bill relied for relief against said judgment, and though we are not called upon to express an opinion, whether or not such ground could avail him against the effects of that judgment, yet we have no difficulty in expressing an opinion, that it affords a good and perfect objection to the relief asked for by the complainant.

The judgment at law is not conclusive of the equities between the parties so as to shut out such defence.

The complainant has his legal remedy, and if he asks for any thing more he must show himself entitled to it, and that showing he has failed to make. A decree in his favor would be manifestly unjust and oppressive against the defendant.

*And now* as this award is imperfect, and the complainant having failed to make out an equitable case against the defendant independently of the award, it would seem to dispose of the whole case.

67

· But there is another view of this case which suggests itself to our consideration. It may be urged with some degree of plausibility, at least, that the defendant by the terms of his submission to the arbitrators, virtually waived the objection which he now insists upon; that he thereby placed himself upon new grounds and upon new equities with the complainant upon the whole subject matter of the controversy.

And it would seem that he did, so far as the submission was concerned, for that objection was not to be taken into consideration, or at least no reference was made to it in the contract of submission, and inasmuch as their determination was to be made upon personal inspection without any testimony, we cannot well see how it could have been otherwise.

·· If this position could be successfully urged by the complainant, and the Court be limited to the terms of the submission in their inquiry, *then* the complainant might be entitled *to* a decree upon the award, unless it should be made to appear that there was something inequitable or unjust in the award; that is to say, unless there was something in the conduct of the complainant, or some error or mistake made by the arbitrators in the execution of their power, having strict reference to the terms of the submission, the effects of which would prejudice the rights of the defendant.

· No one can read the record in this case without being strongly impressed with the idea that the defendant would suffer great injustice by being compelled to abide by this award—forty acres of land, or thereabouts, and his saw-mill and water power, were valued by the arbitrators at the small sum of $442, and the sum of $162 50 was to be deducted from *that*, on account of the damages sustained by the complainant by reason of the flowage of his land, leaving the sum of $279 50, *only*, to be paid for the defendant's whole property. None of the witnesses on the trial valued the property at less than $1000, and some of them as high as $1500.

It is unnecessary to impute any improper conduct to the arbitrators, because their own evidence explains it; they all concur in the statement that they did not in their estimation take the value of the water power into consideration; and this is evident from another fact, viz: from the value they set upon the complainant's land; they valued fifty-three acres of his land at the sum of only $79 50.

It is manifestly clear, then, that they valued the two pieces of property independently of the water power, thereby enabling the complainant, by means of his right of election, to buy or sell at the appraised value; to acquire a valuable water power without paying any consideration therefor.

This was an error on the part of the arbitrators; one going to the merits, and one for which a Court of Equity would set aside the award, ( *Van Cortland* vs. *Underhill*, 17 *J. R.* 405,) and one which is conclusive against the rights of this complainant for the relief he asks.

The decree of the Circuit Court below, dismissing the complainant's bill, must be affirmed, with costs.